**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**SANDY RIGGI,**

Plaintiff

CA 05 011 ML

v. C.A. NO. ____________

**GATEWAYS TO CHANGE, INC.**

Defendant

## COMPLAINT

INTRODUCTORY STATEMENT

This action is commenced by **SANDY RIGGI** (hereinafter "Plaintiff" or "Riggi") against **GATEWAYS TO CHANGE** (hereinafter "Defendant" or "Employer" or "Gateways") in order to remedy and seek relief for the Defendant's unlawful and discriminatory employment practices, based on disability, in violation of Title I of the Americans With Disabilities Act of 1990, 42 U.S.C. Sections 12001 *et seq.*; the Rhode Island Fair Employment Practices Act, R.I.G.L. 28-5-1 *et seq.*, in addition to other federal state and common law claims.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § § 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to pertinent provisions of, *inter alia*, Sec. 107(a) of the Americans With Disabilities Act of 1990

(ADA), 42 U.S.C. Sec.12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC Sections 2000e-5(f)(1) and (3).

2. Considerations of judicial economy, convenience, and fairness to the litigants warrant exercise of this court's supplemental jurisdiction with respect to Plaintiff's state law claims. Plaintiff's state claims are so related to Plaintiff's federal claims that they form part of the same case of controversy. This court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(a).

3. Venue is proper in this district pursuant to inter alia, 28 U.S.C. 1391 (b).

4. On August 27, 2003 Riggi filed a formal Charge of Discrimination with the Rhode Island Commission for Human Rights ("RICHR") and the U.S. Equal Employment Commission ("EEOC"), alleging that she had been discriminated against on the basis of her disability, and had been the victim of retaliation—RICHR 04EPD 041-02/07; EEOC #: 16JA300264 (EXHIBIT A).

5. The Plaintiff has complied with all jurisdictional prerequisites and conditions precedent to the filing of this action, in each of its counts, in state and/or federal court, including receiving Right To Sue authorization from pertinent state and federal agencies.

## THE PARTIES

6. The Plaintiff, Sandy Riggi ("Riggi" or "Plaintiff"), an individual, is a resident and domiciliary of the Town of Cranston, Rhode Island.

7. On information and belief, the Defendant, Gateways to Change, Inc. ("Gateways" or "Defendant"), is a domestic corporation authorized by appropriate state authority to conduct business in the State of Rhode Island, maintaining an office and principle places of business at 11 Knight Street B6 in Warwick, Rhode Island 02886-1281.

8. At all times material to the allegations of this Complaint, the Defendants have continuously, and do now, employ at least 50 or more employees in the State of Rhode Island, and are in the business of providing residential rehabilitation and care services in Rhode Island.

9. At all times material to the allegations of this Complaint, the Defendant has continuously been engaged in an industry affecting commerce within the meaning of those terms as applicable to pertinent provisions of the Americans with Disabilities Act, Sec. 101(5) of the ADA, 42 U.S.C. Sec.12111(5), and Sec.107(a) of the ADA, 42 U.S.C. Sec.12117(a), which incorporates by reference Sections701(g) and (h) of Title VII; and as those terms are applicable to pertinent provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. Sec.2000e et seq.

10. At all times material to the allegations of this Complaint, the Defendant were and are an "employer" or otherwise a covered entity within the meaning of pertinent provisions of the ADA, as defined in Sec. 101(2) of the ADA, 42 U.S.C. Sec.1211(2); and as applicable to pertinent provisions of Title VII.

11. At all times material to the allegations of this Complaint, Riggi held the status of an "individual" within the meaning of pertinent provisions defining that term and qualified(ies) as a person with a disability under 42 U.S.C. 12112(a).

12. At all times pertinent to the allegations of this Complaint, Riggi held the status of a person with a disability, as defined in Section 3(2) of the ADA, 42 U.S.C. 12102, and also pursuant to Rhode Island law, because she:

a. has a physical or emotional impairment that substantially limits one or more of her major life activities;

b. has a record of such an impairment; and/or

c. is and was regarded by the Defendant as having such an impairment.

13. On information and belief, and at all times material to the allegations of this Complaint, managers and supervisors of the Defendant engaging in discriminatory and unlawful workplace treatment of the Plaintiff, were each a person acting in furtherance of the interest of, on behalf of, and as an agent of the Defendant, and the Defendant knew or reasonably should have known of their unlawful conduct.

## FACTS APPLICABLE TO EACH COUNT

14. Plaintiff was employed by Defendant for approximately 1 year.

15. At the time of the incidents alleged in this Complaint, Riggi held the position of Support Staff/Direct Care.

16. On or about April 12, 2003, Plaintiff sustained a workplace injury, while lifting a resident.

17. This injury involved Plaintiff's neck, cervical and thoracic areas, left shoulder and left forearm. Plaintiff's injuries substantially and chronically impair Plaintiff with respect to one or more of her major life activities, including but not limited to, her ability to lift, bend or work.

18. At all times, except while on approved medical or Workers' Compensation leave, Plaintiff could perform the essential functions of his job with or without reasonable accommodation.

19. Plaintiff reported the injury, referenced in Paragraph 16-17, above, to the supervisory staff on duty and, subsequently, to the Employer's nurse.

20. Approximately five (5) days later, Plaintiff received a written warning, containing false information regarding Plaintiff's workplace performance.

21. Plaintiff was placed on a 6-month probationary period, and was threatened with termination.

22. Plaintiff had never previously received written or verbal discipline due to any alleged unsatisfactory performance.

23. Plaintiff had previously successfully completed her original probationary period(s), as a new hire, and had received an excelled evaluation. Following her injury, she was made the subject of a false, malicious, a retaliatory disciplinary report/evaluation.

24. Plaintiff has been approved for benefits by the Rhode Island Workers' Compensation Court and is currently on leave from work receiving such benefits.

25. The Defendant has intentionally and willfully engaged in a series of unlawful acts, practices, policies, and procedures in violation of state and federal law intended to prevent employment discrimination based on disability status.

26. The Defendant's conduct reflects, in both purpose and effect, a blatant, willful, and/or malicious pattern of discrimination and unlawful treatment against the

Plaintiff. Such conduct has involved an intentional, reckless, and/or callous indifference to the statutorily protected rights of the Plaintiff. The Defendant knowingly and purposefully subjected the Plaintiff to humiliating discriminatory and unlawful treatment as a result of her disability status.

27. The wrongful actions by Defendant and its agents complained of herein were taken without justification, excuse, or defense, but rather were taken in a purposefully discriminatory and unlawful manner, and have caused the Plaintiff lost employment, lost wages, lost benefits, humiliation, embarrassment, emotional and physical harm, and other damages.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMMODATE**
**R.I.G.L. SECTION 42-112-1**

28. The allegations contained in Paragraphs 1-27 above are incorporated herein by reference in their entirety.

29. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the Rhode Island Civil Rights Act of 1990, R.I.G.L. 42-112-1 et seq., by:

a. interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status;

b. depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c. treating her in a hostile, demeaning, and otherwise unlawful manner based on her disability status;

d. causing her lost income and benefits, humiliation, physical and emotional injury, as well as harm to her personal and professional reputation.

30. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status or because it perceived Plaintiff to have a disability. Such practices include, but are not limited to, Defendant:

a.) subjecting plaintiff to discriminatory terms and conditions of employment because of her disability status; and

b.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on disability status.

31. But for the Defendant's intent to discriminate against Plaintiff because of her disability status, Defendant would not have subjected her to discriminatory terms and conditions of employment, or retaliated against her.

32. The Defendant purposefully, maliciously, and without justification or excuse, took discriminatory action with respect to Plaintiff's employment because of Plaintiff's disability status. The Defendant's conduct has unlawfully denied Plaintiff of

income, benefits, privileges, promotions, and other terms and conditions accruing to the employment relationship to which she was entitled; has caused harm to her reputation; and has caused her humiliation, as well as physical and/or emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant, and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT II**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT AND RETALIATION BASED ON DISABILITY**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. § 28-5-1 et seq.**

33. Paragraphs 1-27 above are herein incorporated by reference in their entirety.

34. Defendants willfully engaged in a policy or practice of discriminating against the Plaintiff because of her disability or because they considered her to have a disability, and in maintaining discriminatory employment policies and practices, in violation of the RIFEPA.

35. The Defendant's discriminatory conduct, policies, and practices are violative of the provisions of the RIFEPA by:

a.) interfering with Plaintiff's right to avail herself of the full and equal benefit and protection of state and federal laws intended to prevent discrimination in the workplace based on disability status;

b.) depriving her of the status, benefits, privileges, and other terms and conditions accruing to the employment relationship to which she was entitled;

c.) treating her in a hostile, demeaning, and otherwise unlawful manner based on her disability status;

d.) causing her lost income and benefits, humiliation, physical and emotional injury, as well as irreparable harm to her person and professional reputation.

36. The unlawful practices engaged in by the Defendant were motivated by impermissible and unlawful considerations concerning Plaintiff's disability status. Such practices include, but are not limited to, Defendant's:

a.) retaliating against Plaintiff for asserting her rights to be free from discrimination based on disability status; and

b.) subjecting Plaintiff to discriminatory terms and conditions of employment.

37. But for the Defendant's intent to discriminate against Plaintiff because of her disability status, Defendant would not have subjected her to discriminatory terms and conditions of employment, or retaliated against her.

38. The Defendant's conduct has unlawfully deprived Plaintiff of income, benefits, privileges, promotions, and other terms and conditions accruing to the

employment relationship to which she was entitled; has caused irreparable harm to her reputation and professional mobility; and has cause her extreme humiliation, as well as physical and emotional injury.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Constructive Termination/Retaliation**
**Failure to Accommodate**

39. Paragraphs 1-27 are herein incorporated by reference in their entirety.

40. At all times material to the allegations of the Complaint, Plaintiff was a qualified individual with a disability within the meaning of the ADA, or the Defendant considered her to have a disability.

41. Despite her disability or impairment, Plaintiff was able to perform the essential duties of her position, either with no need for accommodation or with reasonable accommodation.

42. The Defendant has engaged in unlawful employment practices in violation of the ADA, §§102(a), 102(b)(1) and 102(b)(5)(B), 42 U.S.C. §§12112(a), 12112(b)(1) and 12112(b)(5)(B), in addition to other sections.

43. But for the Defendant's intent to discriminate against Plaintiff because of her status as a qualified person with a disability, Defendant would not have engaged in the conduct alleged in this complaint.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, as hereinafter requested.

**COUNT IV**

**RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT**

44. Paragraphs 1-27, above, are incorporated herein, by reference, in their entirety.

45. Defendant has discriminated and retaliated against the Plaintiff, in regard to the terms and conditions of her employment, because she complained to the Defendant regarding what she reasonably believed to have been Defendant's unlawful conduct, indicated an intention to seek remedial assistance, and filed charges of discrimination with appropriate state and federal authorities, as well as, and a claim for Workers' Compensation benefits.

46. Defendant's conduct is in violation of the Rhode Island Whistleblower's Protection Act, R.I.G.L. Section 28-50-1 et seq.

47. As a result of the Defendant's discriminatory and retaliatory conduct, Plaintiff has suffered severe distress, with resulting physical and/or emotional injuries, humiliation, harm to her career, harm to her reputation, lost wages, lost opportunities for advancement, and other damages.

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of the Plaintiff for all damages and equitable relief available, as hereinafter requested.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered herein against Defendant and in favor of Plaintiff for all damages and equitable relief available, including, but not limited to:

a.) an order that the Defendant institute and carry out practices, policies and programs which provide equal employment opportunities to qualified individuals, regardless of disability status;

b.) an order that the Defendant make whole the Plaintiff with appropriate promotional opportunities, lost earnings, back-pay, front-pay, the value of lost benefits, and interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices;

c.) an order that the Defendant make whole the Plaintiff by providing for any additional pecuniary losses and compensation for the damage done to his valuable reputation, in amounts to be determined at trial;

d.) an order the Defendant make whole the Plaintiff by providing compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, humiliation, and mental anguish in amounts to be proven at trial, including an appropriate award of compensatory damages pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-24;

e.) grant attorney's fees and the costs of this action;

f.) grant punitive or exemplary damages, as appropriate to punish the Defendants for their malicious conduct and/or for its reckless and/or callous indifference to the statutorily protected rights of the Plaintiff, including an appropriate award pursuant to R.I.G.L. § 28-50-4, 42-112-2, and 28-5-1;

g.) grant an appropriate award of prejudgment interest, including an award of interest for all damages awarded to the Plaintiff from the date this cause of action accrued, pursuant to R.I.G.L.§ 9-21-10;

h.) grant such further relief as this court deems necessary and proper.

DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands trial by jury of all issues pertinent to the causes in this Complaint triable as of right by jury.

Respectfully Submitted,
Sandy Riggi,
By Her Attorney,

Stephen T. Fanning #3900
305 South Main Street
Providence, RI 02903
401-272-8250
401-272-4520 (FAX)

CHARGE OF DISCRIMINATION

This form is affected by the Priva[cy] Act of 1974; See Privacy Act Statement be[fore] completing this form.

AGENCY: ☐ FEPA ☐ EEOC

CHARGE NUMBER: ATTACHMENT A

Rhode Island Commission for Human Rights and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| SANDY RIGGI | 401-942-9477 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 21 SOUTH STREET | CRANSTON, RHODE ISLAND 02920 | 6/9/63 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| GATEWAYS TO CHANGE, INC. | 50+ | 401-463-0000 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 11 KNIGHT STREET B6 | WARWICK, RHODE ISLAND 02886-1281 | KENT |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
*EARLIEST* 4/1/03 *LATEST*
☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

COPY

I have been employed by the above-referenced employer for approximately one year, in the position of support staff/direct care. The Employer maintains group homes for disabled residents. On or about April 12, 2003, I sustained a workplace injury, while lifting a resident, involving my neck, cervical and thoracic areas, left shoulder and left forearm. This medical condition continues to impact on my ability to lift objects, and to work, in addition to other major life activities. I reported this injury to the supervisory staff on duty and, subsequently, to the employer's nurse. Approximately five (5) days later, I received a written warning, containing false information regarding my workplace performance. I was placed on a 6-month probationary period, and threatened that I would be discharged. I had never previously received written or verbal discipline due to any alleged unsatisfactory performance. In fact, I had previously successfully completed my original probationary period(s), as a new hire, and had received an excellent evaluation. I have been approved for benefits by the Rhode Island Workers' Compensation, and am currently on leave from work receiving such benefits. I believe my employer disciplined me, as described above, in violation of the Americans With Disabilities Act (ADA), the Rhode Island Fair Employment Practices Act (RIFEPA) and other state and federal laws, because I either have a covered disability or it perceived me as having a covered disability. I believe my employer also sought to retaliate against me because I reported a workplace injury resulting in my disability, and because I raised an issue regarding medication of a resident

R.I.C.H.R. AUG 27 2003

☒ I want this charge filed with both the EEOC and the State or [lo]cal Agency, if any. I will advise the agencies if I change my [ad]dress or telephone number and cooperate fully with them in the [pr]ocessing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

Margaret S. Fanning

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

[I] declare under penalty of perjury that the foregoing is true [an]d correct.

Sandra A Riggi 8/11/03

[Da]te Charging Party *(Signature)*

SIGNATURE OF COMPLAINANT

Sandra A Riggi 8/11/03

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

8/11/03

MARGARET S. FANNING
Notary Public of Rhode Island
My Commission Expires 5/31/06

[EE]OC FORM 5 (Rev. 06/92)

ATTACHMENT B

Before the
STATE OF RHODE ISLAND
COMMISSION FOR HUMAN RIGHTS

RICHR NO. 04 EPD 041 EEOC NO. 16JA300264

In the matter of

SANDY RIGGI
Complainant

Against

**NOTICE OF RIGHT TO SUE**

GATEWAYS TO CHANGE, INC.
Respondent

This NOTICE OF RIGHT TO SUE is issued to the above cited complainant pursuant to Section 28-5-24.1(a) of the General Laws of Rhode Island because more than one hundred and twenty (120) days and less than two (2) years have elapsed since the charge was filed, the Commission is unable to secure a settlement or conciliation agreement, the Commission has not commenced hearings on a complaint and the complainant has requested a Right To Sue. With the issuance of the NOTICE OF RIGHT TO SUE, the Commission is terminating any further processing of this charge.

An information copy of this NOTICE OF RIGHT TO SUE has been sent to the persons indicated on the next page.

This NOTICE OF RIGHT TO SUE is issued at your request. If you intend to sue, YOU MUST DO SO WITHIN NINETY(90) DAYS FROM THE DATE OF THIS NOTICE: OTHERWISE YOUR RIGHT TO SUE IS LOST.

On Behalf of the Commission

10/13/04 ---------------------------------------------

Date

Michael D. Évora
Executive Director

*****************************************************************************

NOTICE OF RIGHT TO SUE
PAGE TWO

Section 28-5-24.1 of the General Laws of Rhode Island

(a) A complainant may ask for a RIGHT TO SUE in state court if not less than one hundred and twenty (120) days and not more than two (2) years have elapsed from the date of filing of a charge, if the Commission has been unable to secure a settlement agreement or conciliation agreement and if the Commission has not commenced hearing on a complaint. The Commission shall grant the RIGHT TO SUE within thirty (30) days after receipt of such request. This shall terminate all proceedings by the Commission and shall give to the complainant the right to commence suit in the superior court within any county as provided in Section 28-5-24 within ninety (90) days after the granting of such request. Any party may claim a trial by jury.

CC: Stephen T. Fanning, Esq.
Gary R. St. Peter, Esq.
James Boucher
Catherine McGillivray

EEOC Form 161-B (3/98)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: **Sandy Riggi**
**21 South Street**
**Cranston, RI 02920**

From: **Boston Area Office**
**John F. Kennedy Fed Bldg**
**Government Ctr, Room 475**
**Boston, MA 02203**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **16J-2003-00264** | **Rance A. O'Quinn, Enforcement Supervisor** | **(617) 565-3192** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Robert L. Sanders,**
**Area Office Director**

NOV 9 2004
(Date Mailed)

Enclosure(s)

cc: **Herbert Holland**
**GATEWAYS TO CHANGE INC.**
**11 Knight Street**
**Warwick, RI 02886**

# INFORMATION RELATED TO FILING SUIT UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law. If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

## PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

## PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 -- *not* 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA backpay recovery period.

## ATTORNEY REPRESENTATION -- Title VII and the ADA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

## ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***