**UNITED STATES FEDERAL COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SANDY RIGGI,**<br>**Plaintiff** | : | |
| **v.** | : | **C.A. No. 05-011ML** |
| **GATEWAYS TO CHANGE, INC.**<br>**Defendant** | : | |

## ANSWER TO COMPLAINT

### INTRODUCTORY STATEMENT

This portion of the Complaint does not require a response from Defendant. However, to this extend this section alleges unlawful or discriminatory employment practices by Defendant, said allegations are hereby denied. Further, to the extent that it may be characterized as an averment of facts to support a cause of action, the contents of the "Introductory Statement" are denied.

### JURISDICTION AND VENUE

1. Defendant admits that the allegation purports to establish jurisdiction; however, Defendant denies that any of the cited statutes confer a cause of action in favor of Plaintiff against Defendant.

2. Defendant admits that the allegation purports to establish supplemental jurisdiction concerning Plaintiff's state law claims; however, Defendant denies that such allegation confers a cause of action in favor of Plaintiff against Defendant.



4

3. Defendant admits that the allegation purports to establish venue with this Court; however, Defendant denies that such allegation confers a cause of action in favor of Plaintiff against Defendant.

4. Defendant admits that a charge of discrimination was filed by Plaintiff, but denies all other allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff received a right to sue authorization and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of the Complaint.

**THE PARTIES**

6. Admit.

7. Admit.

8. Admit.

9. Defendant admits it is engaged in an industry affecting commerce; however, Defendant denies that such allegation confers a cause of action in favor of Plaintiff against Defendant.

10. Defendant admits it is an employer; however, Defendant denies that such allegation confers a cause of action in favor of Plaintiff against Defendant.

11. Admit.

12.a.-c. Deny.

13. Deny.

## FACTS APPLICABLE TO EACH COUNT

14. Admit.

15. Admit.

16. Deny.

17. Deny.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendant admits an injury was reported and denies all other allegations contained in paragraph 19 of the Complaint.

20. Deny.

21. Defendant admits Plaintiff was legitimately disciplined and denies all other allegations contained in paragraph 21 of the Complaint.

22. Deny.

23. Defendant admits Plaintiff completed her original probationary period as a new hire, but denies all other allegations contained in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Deny.

26. Deny.

27. Deny.

**COUNT I**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**RETALIATION**
**REFUSAL TO ACCOMMODATE**
**R.I.G.L. §42-112-1**

28. Defendant repeats and realleges its responses to paragraphs 1 through 27 of the Complaint as if fully set forth herein.

29.a.-d. Deny.

30.a.-b. Deny.

31. Deny.

32. Deny.

**COUNT II**
**DISCRIMINATORY TERMS AND CONDITIONS OF EMPLOYMENT**
**AND RETALIATION BASED ON DISABILITY**
**RHODE ISLAND FAIR EMPLOYMENT PRACTICES ACT**
**R.I.G.L. §28-5-1 ET SEQ.**

33. Defendant repeats and realleges its responses to paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Deny.

35.a.-d. Deny.

36 a.-b. Deny.

37. Deny.

38. Deny.

**COUNT III**
**AMERICANS WITH DISABILITIES ACT**
**ADA-42 U.S.C. §12117**
**Discriminatory Terms and Conditions of Employment**
**Constructive Termination/Retaliation**
**Failure to Accommodate**

39. Defendant repeats and realleges its responses to paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40. Deny.

41. Deny.

42. Deny.

43. Deny.

**COUNT IV**
**RHODE ISLAND WHISTLEBLOWERS' PROTECTION ACT**

44. Defendant repeats and realleges its responses to paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Deny.

46. Deny.

47. Deny.

WHEREFORE, Defendant prays this honorable Court to dismiss all the allegations contained in this action and award costs and attorney's fees to Defendant.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to receive or recover punitive damages from Defendant because Defendant in no way participated in or engaged in any willful, wanton or reckless conduct.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to receive or recover punitive damages as demanded because Plaintiff has failed to plead facts sufficient to support her allegation of willful and reckless conduct on the part of Defendant.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovery by application of the Rhode Island Workers' Compensation Act.

**FIFTH AFFIRMATIVE DEFENSE**

We hereby give notice of the intention to rely upon each and every affirmative defense that may be justified by the facts adduced during discovery and at trial, including without limitation:

1. Waiver
2. Estoppel
3. Unclean Hands
4. Failure to mitigate damages
5. Lack of standing to pursue some or all of her claims
6. Failure to comply with necessary statutes or rules of limitation
7. Defendants acted in good faith

WHEREFORE, Defendant requests that the Court enter a judgment dismissing Plaintiff's complaint, and awarding to Defendant its costs of suit.

GATEWAYS TO CHANGE, INC.,
BY ITS ATTORNEY,

JEFFREY W. KASLE, Esq. #2695
St. Peter & Kasle Incorporated
Four Richmond Square
Providence, Rhode Island 02906
Tel 401-453-4330, Fax 401-453-4333
Email: jeff@stpeterandkasle.com

**Certification**

I certify that I caused a copy of this document to be served upon Stephen T. Fanning, 305 South Main Street, Providence, Rhode Island 02903 by first class mail on the 20th day of April, 2005.